TAVRIDA (DBA)
c/o Ivan E. Terez
3134 Colony Crossing Dr.
Sugar Land, TX 77479
(713) 855-2466
i.terez@vigorosis.com

United States Courts
Southern District of Texas
FILED

AUG 29 2023

Nathan Ochsner, Clerk of Court

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

TAVRIDA,

    *Plaintiff,*

v.

THE UNITED STATES SMALL BUSINESS ADMINISTRATION; and ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the United States Small Business Administration,

    *Defendants.*

No. _____

## COMPLAINT

Plaintiff TAVRIDA ("Plaintiff" or "Borrower"), by way of Complaint against the Defendants, UNITED STATES SMALL BUSINESS ADMINISTRATION ("SBA") and ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the United States Small Business Administration (the "Administrator"), hereby alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff challenges the SBA's denial of forgiveness of $355,095 of loan proceed that Plaintiff received under the Paycheck Protection Program ("PPP").

2. Plaintiff applied for, and received a first draw PPP loan #2058717803 of $367,296 (three hundred sixty seven thousand two hundred ninety-six dollars).

3. Plaintiff applied for forgiveness of the $355,095 loan, pursuant to the statute by which Congress required the SBA to forgive such loans. The SBA issued a final loan review decision that denied forgiveness of the **entirety** of the $367,296 loan, reasoning that none of that loan could be forgiven because the borrower was ineligible for the PPP loan amount received.

4. Plaintiff appealed the SBA's final loan review decision to the SBA's Office of Hearings and Appeals ("OHA"), pursuant to applicable regulations. Plaintiff argued to the OHA that pursuant to applicable regulations, the SBA should have denied forgiveness **only** as to the $12,200 exceeded the allowable forgiveness cost amount, while granting forgiveness as to the remaining $355,095. The OHA issued a decision that upheld the earlier final loan review decision stating that the SBA would **not** forgive the $355,095 portion of the $367,296, even though that $355,095 portion was not in excess of allowable forgiveness amount.

5. Under applicable regulations, the OHA's decision is now the final decision of the SBA. Plaintiff has exhausted all administrative remedies, and now commences this action under the Administrative Procedure Act ("APA") to set aside the SBA's unlawful denial of forgiveness of the $355,095 portion; and to compel the SBA to grant forgiveness as to that $355,095 portion.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff's causes of action arise under the APA. *See* 5 U.S.C. § 701 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(e)(1)(A), because plaintiff resides in this district; and pursuant to 13 CFR § 134.1211(g), which provides that "final decisions [of the SBA] may be appealed to the appropriate federal district court only."

8. The decision that the OHA issued on February 16, 2023, is the final decision of the

SBA, and thus is a final agency action for purposes of the APA, pursuant to 13 CFR § 134.1211(b), which provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service."

## THE PARTIES

9. Plaintiff TAVRIDA is a Texas DBA unincorporated sole proprietorship that is engaged in the oil & gas and renewable energy consulting. Plaintiff has it principal place of business at 3134 Colony Crossing Dr., Sugar Land, TX. Pursuant to applicable regulations, for purposes of PPP, Plaintiff is part of a single "corporate group" of entities that is 100% owned by a common "parent" or "individual".

10. Defendant SBA is an independent agency of the United States, with offices at 409 3rd Street, S.W., Washington, D.C. The SBA was created pursuant to 15 U.S.C. Ch. 14A.

11. Defendant Isabella Casillas Guzman is the Administrator of the SBA. She is sued in her official capacity. Administrator Guzman has an office at 409 3rd Street, S.W., Washington, D.C.

## STATEMENT OF FACTS

12. The SBA administers the 7(a) Loan Program pursuant to applicable regulations. The 7(a) Loan Program's purpose is to help qualified entrepreneurs to start or expand small businesses.

13. On or about March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act ("CARES"), P.L. 116-136, became law. The CARES Act established the Paycheck Protection Program ("PPP"), the purpose of which was to provide eligible small businesses with funds to meet payroll costs during the COVID-19 pandemic. Under PPP, the SBA guarantees loans that private lenders (approved by the SBA) provide to eligible small businesses. The CARES Act provides that the SBA is to administer PPP as part of the 7(a) Loan Program, subject to applicable regulations.

~~14.~~ On December 27, 2020, the Economic Aid to Hard-Hit Small Businesses, Nonprofits and Venues Act, P.L. 116-260, became law. This statute authorized the SBA to guarantee "second draw loans" under PPP. Such second draw loans are the subject of this action.

15. Pursuant to applicable regulations, the proprietorship of which Plaintiff is part is eligible for $367,296 of such first draw loans.

16. Plaintiff submitted to its lender, Cross River Bank, an application for a first draw loan in the amount of $367,296. Cross River Bank approved this application. On or about May 22, 2020, Cross River Bank disbursed $367,296 to Plaintiff.

17. Section 1106 of the CARES Act ("Loan Forgiveness") provides for forgiveness of up to the full principal amount of qualifying PPP loans, subject to the requirements of that section.

18. On or about November 23, 2021, Plaintiff submitted to the SBA an application for forgiveness of the foregoing first draw loan, in the amount of $355,095.

19. On or about June 8, 2021, the SBA issued a final loan review decision that denied forgiveness of the entirety of the foregoing $367,296 first draw loan. A true and correct copy of the foregoing final loan review decision is attached as Exhibit A to this Complaint. The SBA's final loan review decision stated (in relevant part) as follows:

> SBA has determined that the borrower was ineligible for the PPP loan amount received. The reason(s) for SBA's decision is as follows:
>
> After a review of the documentation provided, the SBA concludes that there was a failure to respond to SBA's inquiry for request of additional required information.
>
> SBA notes request for documents to establish eligibility, and maximum loan amount, were requested without an adequate response.

20. On or about September 3, 2022, Plaintiff commenced with the OHA an appeal of the SBA's final loan review decision, pursuant to 13 C.F.R. § 134.1202 ("Commencement of Appeals of Final SBA Loan Review Decisions"). The filing with the OHA of an administrative record and

substantial briefing ensued.

21. On or about November 14, 2022, the OHA issued Order Dismissal Appeal based on the SBA's motion to re-evaluate the loan documentation. A true and correct copy of Order Dismissal Appeal is attached as Exhibit B to this Complaint.

22. On or about February 16, 2023, the SBA issued a final loan review decision that denied forgiveness of the entirety of the foregoing $367,296 first draw loan. A true and correct copy of the foregoing final loan review decision is attached as Exhibit C to this Complaint. The SBA's final loan review decision stated (in relevant part) as follows:

> SBA has determined that the borrower was ineligible for the PPP loan. The reason(s) for SBA's decision is as follows:
>
> After review of the documentation provided, the SBA concludes that the borrower did not have any eligible payroll cost at the time of loan application. Additionally, it has been determined that the borrower has received more than one PPP loan. A borrower may receive only one First Draw PPP Loan and one Second Draw PPP Loan.
>
> The Borrower submitted the 2019 tax return reflecting 3 Schedule C businesses for Vigorosis LLC, DT Technologies Americas LLC, and Renascent Energy Management LLC; the two subsequent Schedule C businesses reflect no eligible payroll with an amount of $0 in salaries and wages and a negative net income. The principal owner claims the subject loan is connected to his SSN, using a DBA of "Tavrida" while also including "and Vigorosis LLC", however all payroll appears to be connected to Vigorosis LLC, ending in #9938. The eligible Schedule C Business, Vigorosis LLC ending in EIN #9938 has two additional PPP loans funded 1/31/2021 and 4/30/2021 as first and second draw loans.

23. On or about March 14, 2023, Plaintiff commenced with the OHA an appeal of the SBA's final loan review decision, pursuant to 13 C.F.R. § 134.1202 ("Commencement of Appeals of Final SBA Loan Review Decisions"). The filing with the OHA of an administrative record and substantial briefing ensued.

24. In its briefing to the OHA, Plaintiff argued as follows:

> Vigorosis LLC has been in operations since December 2010 as a single member LLC…never any difference when the clients were invoiced for VIGORIS LLC or

TAVRIDA or Ivan E. Terez for various reasons (mostly for legal liabilities). …operated under TAVRIDA as DBA ….Cross River Bank PPP loan was entered under TAVRIDA using plaintiff's personal SSN (Social Security Number)… The plaintiff didn't think of any differences of Vigorosis LLC and TAVRIDA in terms of continued work and payroll as they were treated as the same proprietorship for all tax purposes. "Also note that, to the extent the numbers for Vigorosis LLC itself might matter, SBA guidance dictates that "LLCs should follow the instructions that apply to their tax filing situation, for example, whether they file as a sole proprietor, a partnership or a corporation." Guidance FAQ issued by SBA and United States Department of the Treasury, entitled Paycheck Protection Program: How to Calculate Maximum Loan Amounts – By Business Types".

SBA issued the PPP formula calculations clarification on March 3, 2021, for Schedule C tax filers to reflect a more objective business situation: SMALL BUSINESS ADMINISTRATION 13 CFR Part 120 [Docket Number SBA-2021-0010] RIN 3245-AH67 Business Loan Program Temporary Changes; Paycheck Protection Program – Revisions to Loan Amount Calculation and Eligibility, page 7:
"Therefore, SBA, in consultation with Treasury, has determined that a Schedule C filer may elect to calculate the owner compensation share of its payroll costs—that is, the share of its payroll costs that represents compensation of the owner—based on either (i) net profit or (ii) gross income, as calculated under the rule below. Gross income is the amount the borrower reports on line 7 of Schedule C". Both TAVRIDA (e.g., a sole proprietorship) and Vigorosis LLC (treated as a sole proprietorship) had revenues (gross income on line 7) in 2019, thus were eligible for PPP loans according to SBA.

25. In support of the foregoing argument, Plaintiff referred the OHA to 85 Fed. Reg. 33012, a regulation that addresses the question, "If SBA determines that a borrower is ineligible for a PPP loan, can the loan be forgiven?" 85 Fed. Reg. 33012 provides (in relevant part) as follows:

[I]f SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate.

26. Plaintiff further referred the OHA to SBA Procedural Notice. Control No. 5000- 20078 (effective January 15, 2021), the Subject of which is "Paycheck Protection Program Excess Loan Amount Errors." This Procedural Notice provides (in relevant part) as follows: If the lender or SBA, as applicable, determines a borrower was ineligible for any portion of its loan amount, forgiveness will be denied for the ineligible portion and the borrower must begin making payments on the remaining loan amount.

27. Under the foregoing authority, the SBA should have denied loan forgiveness only "in

part." Specifically, the SBA should have denied forgiveness only as to the $12,200 that exceeded the allowable forgiveness amount, while granting forgiveness as to the remaining $355,095.

28. On or about May 8, 2023, SBA asked for a consent and submitted CONSENTED MOTION FOR EXTENDED TIME arguing a critical need to prepare SBA's response despite this was already a second OHA's appeal procedure and SBA had over two years to examine all supporting documentation. A true and correct copy of the OHA's decision dated June 30, 2023, is attached as Exhibit D to this Complaint.

29. In disregard of the forgoing authority, on or about June 30, 2023, OHA issued a decision affirming the final SBA loan decision, stating that Plaintiff "is not entitled to PPP loan forgiveness in any amount." A true and correct copy of the OHA's decision dated June 30, 2023, is attached as Exhibit E to this Complaint.

30. 13 CFR § 134.1211(b) provides that "unless a request for reconsideration is filed pursuant to paragraph (c) of this section or the SBA Administrator, solely within the Administrator's discretion, decides to review or reverse the initial decision pursuant to paragraph (d) of this section, an initial decision shall become the final decision of SBA 30 calendar days after its service."

31. The Administrator did not reverse the OHA's decision dated June 30, 2023. Consequently, pursuant to 13 CFR § 134.1211(b), the OHA's decision dated June 30, 2023 became the final decision of the SBA on or about July 30, 2023, which is 30 days after the OHA's decision dated June 30, 2023 was served.

32. On or about July 10, 2023, Plaintiff commenced with the OHA a petition for reconsideration of the OHA's decision of June 30, 2023.

33. On or about July 11, 2023, OHA issued a decision on the petition for reconsideration with a denial decision. A true and correct copy of the OHA's decision dated July 11, 2023, is attached as Exhibit F to this Complaint.

34. Pursuant to 13 CFR § 134.1211(g), which provides that "final decisions be appealed to the appropriate federal district court only," Plaintiff has exhausted all administrative remedies, and may now pursue this action before this Court.

## FIRST CAUSE OF ACTION
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### (SBA Lacks a Statutory or Regulatory Basis to Deny Partial Forgiveness)

35. Plaintiff repeats and re-alleges Paragraphs 1 through 34 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

36. The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … not in accordance with law." 5 U.S.C. § 706(2)(A).

37. In denying forgiveness of the $355,095 portion of the subject loan, the SBA acted contrary to law, in violation of applicable law and regulations.

38. Specifically, and without limitation, 85 Fed. Reg. 33012 provides (in relevant part) as follows: "[I]f SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate." SBA violated this regulation when it denied forgiveness of the $355,095 portion of the subject loan.

39. Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $355,095 portion of the subject loan.

## SECOND CAUSE OF ACTION
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### (Arbitrary Action in Violation of the APA)

40. Plaintiff repeats and re-alleges Paragraphs 1 through 39 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

41. The APA provides that a reviewing court must "hold unlawful and set aside agency action … found to be … arbitrary and [or] overstepping its discretion." 5 U.S.C. § 706(2)(A).

42. In denying forgiveness of the $355,095 portion of the subject loan, the SBA acted arbitrarily, capriciously and misused its discretion.

43. Under 5 U.S.C. § 706(2)(A), this Court must therefore hold unlawful and set aside the final decision of the SBA that denied forgiveness of the $355,095 portion of the subject loan.

### THIRD CAUSE OF ACTION
### Administrative Procedure Act, 5 U.S.C. § 706(1)
### (to Compel Agency Action Unlawfully Withheld)

44. Plaintiff repeats and re-alleges Paragraphs 1 through 43 (inclusive) of this Complaint with the same force and effect as if set forth at length in this Paragraph.

45. The APA provides that a reviewing court must "compel agency action unlawfully withheld." 5 U.S.C. § 706(2)(A).

46. In denying forgiveness of the $355,095 portion of the subject loan, the SBA unlawfully withheld agency action required by law, including, without limitation, 85 Fed. Reg. 33012, which provides (in relevant part) that "if SBA determines that the borrower is ineligible for the loan amount or loan forgiveness amount claimed by the borrower, SBA will direct the lender to deny the loan forgiveness application in whole or in part, as appropriate."

47. Under 5 U.S.C. § 706(2)(A), this Court must compel the SBA to grant forgiveness of the $355,095 portion of the subject loan.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief:

A. The entry of judgment in favor of the Plaintiff; and

B. An order holding unlawful and setting aside the final decision of the SBA that denied forgiveness of the $355,095 portion of the subject loan; and

C. An order compelling the SBA to grant forgiveness of the $355,095 portion of the subject loan; and

D.   An award of all costs and attorneys' fees pursuant to any applicable authority; and

Such further relief as this Honorable Court deems just and proper.

Dated: August 11, 2023

**TAVRIDA**

By:   /s/ Ivan E. Terez
 IVAN E. TEREZ

TAVRIDA DBA
c/o Ivan E. Terez
3134 Colony Crossing Dr.
Sugar Land, TX 77479
(713) 855 2466
i.terez@vigorosis.com