# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TAVRIDA, | § |
| Plaintiff, | § |
| v. | § CIVIL NO. 4:23-cv-3183 |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, ET AL., | § |
| Defendant | § |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through the United States Attorney for the Southern District of Texas, submit this Answer and Affirmative Defenses to the Plaintiff's Complaint as follows:

### NATURE OF THE ACTION

1. The allegations in paragraph 1 of Plaintiff's complaint are a characterization of this lawsuit, which contains legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny the allegations in paragraph 1 of Plaintiff's complaint.

2. Admit.

3. Admit that SBA issued a Final SBA Loan Review Decision that completely denied forgiveness of the loan. Defendants deny the rest of the allegations in this paragraph.

4. Admit that Plaintiff appealed the Final SBA Loan Review Decision to the SBA Office of Hearings and Appeals ("OHA") and that OHA sustained the Final SBA Loan Review Decision. To the extent Plaintiff characterizes his case before OHA, the allegations

in paragraph 4 are legal conclusions to which no answer is required. To the extent Plaintiff characterizes OHA's decision, that document speaks for itself. Defendants deny the rest of the allegations in this paragraph.

5. The allegations in paragraph 5 are legal conclusions to which no response is required. To the extent the paragraph may be deemed to contain factual allegations, Defendants deny the allegations of paragraph 5.

## JURISDICTION AND VENUE

6. The allegations in paragraph 6 are legal conclusions to which no response is required. To the extent the paragraph may be deemed to contain factual allegations, Defendants deny the allegations of paragraph 6.

7. The allegations in paragraph 7 are legal conclusions to which no response is required. To the extent the paragraph may be deemed to contain factual allegations, Defendants deny the allegations of paragraph 7.

8. The allegations in paragraph 8 are legal conclusions to which no response is required. To the extent the paragraph may be deemed to contain factual allegations, Defendants deny the allegations of paragraph 8.

## THE PARTIES

9. Admit.

10. Admit.

11. Admit.

## STATEMENT OF FACTS

12. Admit.

13. The allegations in paragraph 13 of Plaintiff's complaint contain Plaintiff's characterization of the CARES Act, to which the Court is respectfully referred for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

14. The allegations in paragraph 14 of Plaintiff's complaint contain Plaintiff's characterization of the Economic Aid to Hard-Hit Small Businesses, Nonprofits and Venues Act, to which the Court is respectfully referred for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith. Further, Defendants deny that the loan that is the subject of this action is a second draw loan; Defendants admit that the loan that is the subject of this action is a first draw loan.

15. Denied.

16. Admit.

17. The allegations in paragraph 17 of Plaintiff's complaint contain Plaintiff's characterization of Section 1106 of the CARES Act, to which the Court is respectfully referred for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

18. Admit that on November 23, 2021 Plaintiff submitted a Form 3508EZ loan forgiveness application, but Defendants deny that it was in the amount of $355,095. Defendants admit that it was in the amount of $269,679.54.

19. Admit that SBA issued a Final SBA Loan Decision denying forgiveness of the entirety of the loan, but deny that it was issued on June 8, 2021. Defendants admit that it was issued on June 8, 2022. To the extent that the allegations in paragraph 19 of Plaintiff's

3

complaint contain Plaintiff's characterization of this Final SBA Loan Review Decision or quotes therefrom, the Court is respectfully referred to the document itself for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

20. Admit that Plaintiff appealed that Final SBA Loan Review Decision to OHA on September 2, 2022 and that SBA filed the Administrative Record in that proceeding. Defendants deny the rest of the allegations in this paragraph.

21. Admit that OHA dismissed that appeal on November 14, 2022 because SBA withdrew the Final SBA Loan Review Decision in question. Defendants deny the rest of the allegations in this paragraph. To the extent that the allegations in paragraph 21 of Plaintiff's complaint contain Plaintiff's characterization of OHA's Order Dismissing Appeal, the Court is respectfully referred to the document itself for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

22. Admit that on February 16, 2023, SBA issued a Final SBA Loan Decision denying forgiveness of the entirety of the loan. To the extent that the allegations in paragraph 22 of Plaintiff's complaint contain Plaintiff's characterization of this Final SBA Loan Review Decision or quotes therefrom, the Court is respectfully referred to the document itself for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

23. Admit that on March 10, 2023 Plaintiff appealed this Final SBA Loan Review Decision to OHA and that the Administrative Record was filed. Defendants deny the rest of the allegations in this paragraph.

24.     The allegations in paragraph 24 of Plaintiff's complaint are a characterization of his argument before OHA, which contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny the allegations in paragraph 24 of Plaintiff's complaint.

25.     The allegations in paragraph 25 of Plaintiff's complaint are a characterization of his argument before OHA, which contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny the allegations in paragraph 25 of Plaintiff's complaint. To the extent Plaintiff refers to, characterizes, or quotes from *Business Loan Program Temporary Changes; Paycheck Protection Program – SBA Loan Review Procedures and Related Borrower and Lender Responsibilities,* 85 Fed. Reg. 33,010 (Jun. 1, 2020), the Court is respectfully referred to the document itself for a complete and accurate statement of its contents.  Defendants deny any characterizations inconsistent therewith. Moreover, Defendants deny that this regulation applies to this loan, as it was issued after Plaintiff applied for the loan.

26.     The allegations in paragraph 26 of Plaintiff's complaint are a characterization of his argument before OHA, which contains legal conclusions to which no answer is required. To the extent that an answer is required, Defendants deny the allegations in paragraph 26 of Plaintiff's complaint. To the extent Plaintiff refers to, characterizes, or quotes from SBA Procedural Notice, Control # 5000-20078, the Court is respectfully referred to the document itself for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith. Moreover, Defendants deny that this procedural notice applies to this loan, as it was issued after Plaintiff applied for the

loan.

27. Denied.

28. Admit that on May 4, 2023, SBA filed a Consent Motion for Extension of Time. To the extent Plaintiff refers to or characterizes from SBA's Consent Motion for Extension of Time, the Court is respectfully referred to the document itself for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

29. Admit that on June 30, 2023, OHA rendered a decision sustaining SBA's Final SBA Loan Review Decision and finding that Plaintiff was not entitled to forgiveness in any amount. To the extent Plaintiff refers to, characterizes, or quotes from SBA Procedural Notice, Control # 5000-20078, the Court is respectfully referred to the document itself for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

30. The allegations in paragraph 30 of Plaintiff's complaint contain Plaintiff's characterization of 13 C.F.R. § 1211(b), to which the Court is respectfully referred for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

31. Admit that the Administrator did not reverse OHA's decision. The allegations in paragraph 31 of Plaintiff's complaint contain Plaintiff's characterization of 13 C.F.R. § 1211(b), to which the Court is respectfully referred for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith. Defendants deny the rest of the allegations in this paragraph.

32. Admit that on or about July 10, 2023, Plaintiff filed a Petition for Reconsideration with OHA.

33. Admit that on July 11, 2023, OHA rendered a decision denying Plaintiff's Petition for Reconsideration, to which the Court is respectfully referred for a complete and accurate statement of its contents. Defendants deny any characterizations inconsistent therewith.

34. The allegations in paragraph 34 are legal conclusions to which no response is required. To the extent the paragraph may be deemed to contain factual allegations, Defendants deny the allegations of paragraph 34.

## FIRST CAUSE OF ACTION
### Violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)
### (SBA Lacks a Statutory or Regulatory Basis to Deny Partial Forgiveness)

35. Defendants' answers to paragraphs 1 through 34 of Plaintiff's complaint are realleged and restated herein. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required to it, Defendants deny the allegations in the first cause of action in Plaintiff's complaint, as well as in paragraph 35 of Plaintiff's complaint.

36. Denied. The APA speaks for itself.

37. Denied.

38. Denied.

39. Denied.

## SECOND CAUSE OF ACTION
### Violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)
### (Arbitrary Action in Violation of the APA)

40. Defendants' answers to paragraphs 1 through 39 of Plaintiff's complaint are realleged and restated herein. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required to it, Defendants deny the allegations in the second cause of action in Plaintiff's complaint, as well as in paragraph 40.

41. Denied. The APA speaks for itself.

42. Denied.

43. Denied.

### THIRD CAUSE OF ACTION
**Administrative Procedures Act, 5 U.S.C. § 706(1)**
**(to Compel Agency Action Unlawfully Withheld)**

44. Defendants' answers to paragraphs 1 through 43 of Plaintiff's complaint are realleged and restated herein. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required to it, Defendants deny the allegations in the second cause of action in Plaintiff's complaint, as well as in paragraph 44.

45. Denied. The APA speaks for itself.

46. Denied.

47. Denied.

### PRAYER FOR RELIEF

The allegations in this Paragraph contain Plaintiff's prayer for relief are a demand for judgment requiring no response. To the extent a response is required, Defendants deny Plaintiff is entitled to any of the relief sought.

Defendant Denies each and every material allegation contained in the Complaint, except as expressly and specifically admitted in the below paragraphs.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

To the extent Plaintiff may be requesting injunctive relief, this court lacks subject matter jurisdiction due to sovereign immunity.

### THIRD DEFENSE

Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent that Plaintiff raises claims that it did not properly assert before SBA.

### FOURTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff is not challenging a final agency action.

### FIFTH DEFENSE

SBA's decisions were not arbitrary, capricious, an abuse of discretion, contrary to law, in excess of statutory authority, or without observance of procedure required by law.

### SIXTH DEFENSE

SBA complied with the requirements of the Small Business Act, the CARES Act and other applicable legislation, as well as the requirement of the PPP program, and all regulations issued under the PPP program and the forgoing legislation.

## SEVENTH DEFENSE

Plaintiff failed to meet its burden of proof in its appeal to show that SBA's decision was based upon a clear error of fact or law under 13 C.F.R. § 134.1210.

## EIGHT DEFENSE

Plaintiff is not entitled to attorney's fees and costs.

Defendants hereby specifically reserve the right to assert any and all other defenses, not currently known, which they may have or through discovery learn may be applicable.

Respectfully submitted,

ALAMDAR S. HAMDANI
United States Attorney

By: */s/ Christina Cullom*
Christina Cullom
Assistant United States Attorney
Attorney in Charge
Southern District No. 3825236
Texas Bar No. 24122806
1000 Louisiana, Suite 2300
Houston, Texas 77002
Tel: (713) 567-9962
Fax: (713) 718-3303
E-mail: Christina.Cullom@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 7, 2024, the foregoing was filed and served on counsel of record through the Court's CM/ECF system.

*/s/ Christina Cullom*
Christina Cullom
Assistant United States Attorney